**KOREA DEEP SEA FISHERIES ASSOCIATION, Plaintiff**

v.

**HO PYO HONG dba KOREANSA SHIPPING AGENCY,**
**Defendants**

High Court of American Samoa
Trial Division

CA No. 78-92

February 19, 1997

Before KRUSE, Chief Justice.

Counsel: For Movant/Defendants, Charles V. Ala'ilima

Order on Motion to Join, Application in Aid of Judgment, Application for Temporary Restraining Order, and Motion for Expedited Hearing:

The defendants brought the above captioned motions and applications in response to the plaintiff's purported attempts to fraudulently convey its assets in an attempt to deprive the defendants of their post judgement remedies.

## FACTS

Judgment for the defendants, in the amount of $1,339,344.06, was entered against plaintiff on January 9, 1997. The defendants now assert that there have been numerous and various attempts to unlawfully transfer the assets of the plaintiff, KDSFA, to other persons and entities in order to evade the collection of the judgment. Specifically, defendants assert that the manager of KDSFA created a new entity named South Pacific Corporation and transferred KDSFA accounts receivables and other assets to this new corporation. South Pacific Corporation has also allegedly taken over all of the business operations of KDSFA.

## DISCUSSION

I.    Joinder of Parties

Defendants move to join the new corporation, South Pacific Corporation, and its principals in the present action pursuant to T.C.R.C.P. 18(b). The defendants' motion to join, however, is misguided. T.C.R.C.P. 18(b) authorizes the concurrent joinder of two claims, one of which prior to the rule normally had to be brought to judgment as a condition precedent to the prosecution of the other. *See e.g.* WRIGHT, MILLER & KANE, FEDERAL PRAC. AND PROC., Civil 2d § 1591 (1990). Thus under T.C.R.C.P. Rule 18(b), a defendant could assert one counterclaim against a plaintiff-debtor and a second counterclaim against a plaintiff-transferee of the debtor's property. *Id.* This rule is not applicable to the action at hand, which seeks an order in aid of judgment. If defendants believe that an order in aid of judgment will not entirely resolve the issue, defendants must bring a separate fraudulent conveyance action against the new corporation and its principals. The motion to join is denied.

II.    Order in Aid of Judgement and Temporary Restraining Order

163

Pursuant to A.S.C.A. §§ 43.1500 and 43.1800 et seq., this court may issue an order in aid of judgment and direct issuance of such things as writs of execution and garnishment upon the assets and accounts of plaintiff KDSFA. Defendants, however, believe that exigent circumstances exist in the present case which warrant an expedited hearing on the motion for an order in aid of judgment and a temporary restraining order.

■ This court may issue a temporary restraining order if sufficient grounds for its issuance have been established by affidavit. A.S.C.A. § 43.1304. We find counsel of record for plaintiff, Cherie Norman, has been appraised of the application for a Temporary Restraining Order and that the affidavit of Il Won Kim states sufficient grounds for the issuance of a Temporary Restraining Order, restraining KDSFA and its agents from transferring any of the assets, accounts or business operations of KDSFA to South Pacific Corporation or any other person or entity.

After issuing the Temporary Restrain Order, without notice to the opposing party, a hearing on the preliminary injunction is required within 10 days. A.S.C.A. § 43.1305. This requirement extinguishes any need for an expedited hearing on the motion for an order in aid of judgment. We will hear both the motion for preliminary injunction and the motion for an order in aid of judgment on February 24, 1997, at 9:00 a.m.

## CONCLUSION

Defendants' motion to join is denied. Defendants' motion for a Temporary Restraining Order is granted. KDSFA, and its agents, including but not limited to In Sang Lee, are enjoined from transferring any of the assets, accounts or business operations of KDSFA to South Pacific Corporation or any other person or entity. The motion for preliminary injunction and the motion for an order in aid of judgment will be heard on the day aforementioned.

It is so ordered.